IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOUG KERKERING**, **HANNAH THIBODO**, and **WANDA ROZWADOWSKA**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**NIKE, INC.**,<br><br>        Defendant. | Case No. 3:22-cv-1790-YY<br><br>ORDER |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on May 30, 2023. Judge You recommended that the Court grant in part and deny in part Defendant's motion to dismiss. Specifically, Judge You recommended that the Court grant Defendant's motion to dismiss as to the first claim for relief, allow one plaintiff to amend, and deny Defendant's motion as to the second and third claims for relief.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection. Plaintiffs offer no argument for several of their objections, instead simply identifying certain of Judge You's findings and conclusions and stating that they are legal error. A "general" objection to a Findings and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)"). From what the Court can ascertain, Plaintiffs argue that Judge You misstates certain allegations in the complaint; applies the wrong legal standard on a motion to dismiss to claims brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102, *et seq.*; improperly relies on decisions from other district courts

rather than Plaintiffs' allegations; errs in finding that being unvaccinated against the COVID-19 virus is not a disability under the ADA; misstates the law by, according to Plaintiffs, restricting disability claims to people with involuntary conditions; and improperly cites a case involving an affirmative defense that Defendant failed to raise. Plaintiffs also request that the Court certify this claim for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

      The Court has reviewed *de novo* those portions of Judge You's Findings and Recommendation to which Plaintiffs have objected, as well as Plaintiff's objections and Defendant's response. The Court agrees with Judge You's reasoning in the issues to which Plaintiffs objected and adopts those portions of the Findings and Recommendation. The Court also finds no error in Judge You's consideration of district court opinions for their persuasive value when evaluating the sufficiency of Plaintiffs' allegations. "District court opinions are relevant for their persuasive authority, but this Court is not bound by the opinion of another judge of the same or different district." *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 784 (D. Ariz. 2019) (citing *Starbuck v. City and Cnty. of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977)); *see also People of Territory of Guam v. Yang*, 800 F.2d 945, 949 (9th Cir. 1986), *on reh'g*, 850 F.2d 507 (9th Cir. 1988) (Ferguson, CJ, dissenting) (stating that "a published district court opinion is only persuasive authority to other district courts"). "It should go without saying that courts may rely on persuasive but nonbinding authority so long as it is in line with the rules that do bind them*." JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 n.13 (N.D. Cal. 2021).

      Regarding Plaintiffs' request for interlocutory appeal, Plaintiffs have failed to provide a convincing argument that this matter "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from [this] order may

materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) ("Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (quotation marks omitted)). Accordingly, the Court denies Plaintiffs' request.

For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge You's Findings and Recommendation. ECF 28. The Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss. ECF 18. The Court dismisses Plaintiffs' first claim for relief, allowing only Plaintiff Thibodo leave to amend. Plaintiff Thibodo may file an amended complaint within two weeks from the entry of this Order to cure deficiencies in Thibodo's allegations in the first claim. The Court denies Defendant's motion with respect to Plaintiffs' second and third claims for relief.

**IT IS SO ORDERED.**

DATED this 31st day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER